UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO CALZADA,<br><br>        Petitioner,<br><br>    v.<br><br>LARRY SCRIBNER, Warden,<br><br>        Respondent. | Case No. CV 08-2882-ABC (JTL)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

On May 2, 2008, Juan Antonio Calzada ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254 in the United States District Court for the Central District of California. Upon review of the Petition, it appeared that Petitioner had not yet exhausted his state remedies as to two of his claims for relief. On May 8, 2008, the Court issued an Order Dismissing the Petition for Writ of Habeas Corpus with Leave to Amend, dismissing the Petition as a "mixed petition" containing both exhausted and unexhausted claims.[1] (See May 8, 2008 Order at 2-3). In its Order, the Court explained that a state prisoner must exhaust his state court remedies before petitioning for a

---

[1] See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982) (a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice).

writ of habeas corpus in federal court.[2] (See May 8, 2008 Order at 1-2).  The Court also explained that a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice.  (Id. at 2).  Thus, the Court directed Petitioner to file no later than May 29, 2008[3] one of the following:  (1) a First Amended Petition indicating that he had indeed exhausted his state remedies as to all of the claims raised in the Petition by raising them in a petition for review or a petition for writ of habeas corpus that had been decided by the California Supreme Court; (2) a First Amended Petition that deletes, and thus abandons, Petitioner's unexhausted claims; or (3) a Notice of Intent to Voluntarily Dismiss First Amended Petition, informing the Court that he wishes to voluntarily dismiss the entire Petition without prejudice in order to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims.  (See id. at 3-5).  The Court also admonished Petitioner that his failure to timely respond to the Court's Order may result in a recommendation that the action be dismissed without prejudice for failure to exhaust state remedies and failure to prosecute.  (Id. at 5).  To date, Petitioner has not filed any of the aforementioned pleadings, nor has he requested an extension of time to do so.

Therefore, because Petitioner has failed to comply with the Court's May 8, 2008 Order, the Court **ORDERS** Petitioner to show cause in writing why the Petition should not be dismissed without prejudice for failure to exhaust state remedies and for failure to prosecute.  Petitioner's Response to the Court's Order to Show Cause shall be due within ten (10) days of the date of this Order.  Petitioner's failure to respond to this Order to Show Cause will be deemed as consent to the dismissal of this case, and the case will be dismissed without prejudice.

DATED: July 15, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[2] See 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

[3] The Court ordered Petitioner to file a responsive pleading within twenty-one (21) days of the Court's May 8, 2008 Order, which was on or before May 29, 2008.